UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:19CR00028-001 |
| Plaintiff, | : | |
| vs. | : | ENDS OF JUSTICE ORDER |
| MATTHEW MULFORD, | : | [Resolving Doc. 10] |
| Defendant. | : | |

------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This case comes before the Court upon defendant's motion to continue the pretrial conference and trial dates [Doc. 10].

For the reasons that follow, the Court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. Accordingly, the Court grants the motion.

18 U.S.C. § 3161(c)(1) of the Speedy Trial Act provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). Section 3161(h)(8)(A) excludes from the speedy trial time computation:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by

Case No. 1:19CR00028-001
Gwin, J.

> taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(8)(A).

This case comes before the Court on defendant's motion to continue the March 11, 2019 pretrial conference. Defense counsel has a personal scheduling conflict that precludes his attendance on that date.

Defendant also moves to continue the March 18, 2019 trial date. Defendant intends to enter a guilty plea, but the parties require more time to conduct discovery to determine the drug quantities involved and to analyze the valuation of the Bitcoin currency.

For the reasons discussed above, the Court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. The Court finds defendant's motion well taken and grants the motion to continue. The Court cancels the March 11th pretrial conference and sets a change of plea hearing for April 5, 2019 at 9:00 a.m., Courtroom 18A. Trial is reset to May 6, 2019 at 8:00 a.m., Courtroom 18A.

IT IS SO ORDERED.

Dated: March 7, 2019    *s/    James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE