# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.: 1:19 CR%00028-001 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW MULFORD, | ) | SENTENCING MEMORANDUM |
| | ) |   ON BEHALF OF MR. MULFORD |
| Defendant. | ) | |

In anticipation of sentencing scheduled JULY 18, 2019, Defendant MATTHEW MULFORD, through counsel, respectfully submits the following Sentencing Memorandum, and requests a sentence which is sufficient, but not greater than necessary, to serve the purposes of federal sentencing under Title 18 U.S.C. § 3553(a).

Respectfully Submitted,

_/james jmcdonnell@sbcglobal.net_
JAMES J. MCDONNELL (0005802)
Attorney for Defendant
55 Public Square, Suite 2100r

Cleveland, Ohio 44113
(216) 781-2125

I. PROCEDURAL BACKGROUND

On January 16, 2019, the Defendant, Matthew Mulford was named in a three-count Indictment in the Northern District of Ohio. On April 5, 2019, the Defendant pled guilty to all three counts of the Indictment. Count 1 charged the defendant with conspiracy to distribute alprazolam, 21USC 841(a)(1)b(1)(C) and 846; Count 2 charged Distributing a substance by means of the internet, 21USC 841(b)(1)(C) and h. Count Three charges Conspiracy to Launder Money, 21 USC 1956(h). Defendant is currently awaiting sentencing, which is set for July 18, 2019 at 11:30AM in Judge James Gwin's courtroom.

II. SENTENCING FACTORS

Title 18 U.S.C. § 3553(a) provides, in part, that district courts shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing. These factors include:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed –

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available;

    (4) the kinds of sentence and the sentencing range established for --

        (A) the applicable category of offense committed by the applicable

            category of defendant as set forth in the guidelines …;

    (5) any pertinent policy statement … [issued by the Sentencing

        Commission];

    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7) the need to provide restitution to any victims of the offense.

18 U.S.C. 3553(a).

## III. SENTENCING COMPUTATION

    A.    <u>According to the Plea Agreement, the Base Offense Level Should be a 12</u>

Paragraph 15 of the Plea Agreement between Mr. Mulford and the Government shows that both parties agreed that a base offense level of 12 was the appropriate computation for count one. Plea Agreement ¶ 15. The parties further agreed that pursuant to 2D1.1(b)(7) the base offense level should be raised two levels. Furthermore, pursuant to 2S1.1(B)(2)(B). the parties agree that another two points should be added and therefore the highest group offense level is 16. The Probation officer concurs with the total offense level but arrives at that figure under USSG 2S1.1

## IV.    APPLICATION OF THE SENTENCING FACTORS TO MATTHEW MULFORD

    A.    <u>The Advisory Sentencing Guidelines</u>

The Plea Agreement between the parties shows that the total offense level is a 16. Plea Agreement ¶ 15. The Government has agreed to move the Court for a three (3) level reduction

for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b). Plea Agreement ¶ 16. If the Court grants this motion, **Mr. Mulford will have a total offense level of 13**. A total offense level of 13 and a criminal history category of III results in an advisory guideline range of 18-24 months imprisonment under the Federal Sentencing Guidelines. It is important to note that under the plea agreement, paragraph 15 does not allow the parties to argue for other specific offense characteristics, Guideline adjustments or Guideline departures.

Paragraph 102 of the Presentence report deals with an additional one level reduction, but this was not contemplated by the parties in the plea agreement.

B.  The History and Characteristics of Matthew Mulford

Mr. Mulford is 26 years old. When he was 21 and 24, he was charged with drug offenses, but the adjudications were withheld. While there was a bench warrant issued for him in Florida, the fact of the matter is that he was picked up on an arrest warrant as a result of this case and has been incarcerated since. Defendant requests that he be imprisoned in Pensacola, Florida.

IV.  CONCLUSION

For the foregoing reasons, Mr. Mulford respectfully requests that the Court impose a sentence of 18 months, the low end of the sentencing range. Such a sentence is sufficient, but not greater than necessary, to serve the purposes of sentencing in light of the factors set forth in Title 18 U.S.C. § 3553.

**CERTIFICATE OF SERVICE**

A copy of the foregoing Sentencing Memorandum has been electronically served upon, Assistant United States Attorney, 801 West Superior Avenue, Cleveland, Ohio 44113 on this day of _____ July, 2019.

                                                    _____
                                                    JAMES J. MCDONNELL (0005802)
                                                    Attorney for Defendant